## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

WALTER BREWER                                                      PLAINTIFF

v.                                                         No. 4:12CV109-SA-SAA

SUPERINTENDENT EARNEST LEE, ET AL.                                DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Walter Brewer who

challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of the Prison

Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.  The

defendants have moved [29] for summary judgment, and the court extended the deadline for response

to September 23, 2014.  Brewer has not responded to the motion, and the matter is ripe for resolution.

For the reasons set forth below, the motion [29] for summary judgment will be granted, and judgment

will be entered for the defendants.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials" show

that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(a) and (c)(1).  "The moving party must show that if the evidentiary

material of record were reduced to admissible evidence in court, it would be insufficient to permit the

nonmoving party to carry its burden."  *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629,

633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066

(1988)).  After a proper motion for summary judgment is made, the burden shifts to the non-movant to

set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Undisputed Material Facts

During the time in question, Brewer was a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary (MSP). Brewer has since been released from incarceration. He filed the instant complaint on

November 5, 2012, alleging that Defendants Lee and Flagg, the Superintendent and Associate Warden of MSP respectively, failed to protect him from harm at the hands of other inmates in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Brewer claims that on May 23, 2012, prison staff conducted a shakedown of his cell and found a shank (homemade knife) in the cell. When Brewer did not claim responsibility for the weapon, Leonardo Moore (his cell mate) allegedly threatened to have fellow gang members attack him. Brewer alleges that Moore made this threat in the presence of Correctional Officers Thomas and Black.

Though Brewer did not claim the shank, he was immediately transferred away from his cell and cell mate to administrative segregation that same day (May 23, 2012.) On May 25, 2012, while still in administrative segregation, Brewer submitted an Administrative Remedy Program ("ARP") grievance requesting protective custody as a result of the alleged threat made by Leonardo Moore. At the conclusion of the grievance, Brewer requested that he be allowed to "Red Tag Leonard Moor[e] and all the Vice Lords and to be placed in protective custody." On June 8, 2012, Defendant Verlena Flagg, Associate Warden at MSP, submitted her First Step Response to Brewer's grievance and denied his request – because he was already housed in administrative segregation for possession of a shank, which (because the conditions are the same as protective custody) rendered moot the request for protective custody. Flagg also responded that Brewer had presented no evidence to validate his claim that he needed protective custody. Flagg did, however, grant Brewer's request to "red tag" other inmates – and ordered that the paperwork be provided to him. As noted in Brewer's Keep Separates List, he "red tagged" Leonardo Moore that same day, but did not submit a "red tag" request again until August 30, 2012. Brewer did not appeal to the Second Step, and his grievance was closed at Step One.

On June 28, 2012, Flagg expunged the rule violation for possession of the shank from the plaintiff's disciplinary record "based on evidence of the shank being found in the toilet and not on the offender." As a result of the expungement, Brewer was transferred that same day from administrative segregation back to the general prison population. After Brewer's June 28, 2012, move back to general population, he was not housed again with Leonardo Moore – due to "red-tagging" him on June 8, 2012. Then, on August 10, 2012, while working in the okra fields outside the prison, Brewer was assaulted by Offenders Jamarcus Truitt and Tarynce Morris who were unarmed, but struck him with their fists. As a result of the assault, Brewer suffered some bruising and cuts to his lip for which he was given Keflex (an antibiotic) and Tylenol and immediately released by medical personnel.

After the August 10, 2012, assault, Brewer was moved back to administrative segregation, and he submitted a second grievance requesting protective custody as a result of that attack. He also requested a transfer to a different facility, punishment of Captain Thomas, and termination of Ms. Sims. On August 30, 2012, Brewer added Tarynce Moore and Jamarcus Truitt to his "keep separates" list. Brewer was not attacked after the August 10, 2012 incident.

### Failure to Protect

This case presents the court with a claim that the defendants failed to protect Brewer from assault by other inmates. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference is the standard to analyze cases in which a convicted prisoner claims that prison staff failed to protect him. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff making a failure to protect claim must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In this case, the allegations and evidence do not support Brewer's claim that the defendants "consciously disregard[ed] a substantial risk of serious harm" to him – a necessary showing to prove such a claim under § 1983. *Id.* at 826 (citation omitted).

As set forth above, when the corrections officers discovered a shank in Brewer's cell, they moved him to administrative segregation – thus separating him from his allegedly hostile cell mate and others. When he requested that a "red tag" be placed in his file to keep him separate from his cell mate (Leonardo Moore), the request was granted. His request to be placed in protective custody was deemed moot because he was already in administrative segregation – which has the same level of security as protective custody. His request to "red tag" all Vice Lords is not feasible, as, under the red tag system, an inmate must identify specific offenders who pose a danger to him. "All Vice Lords" is too nebulous a group for MDOC to use, as the members are difficult to identify, and the known membership changes on a daily basis.

After Brewer "red-tagged" Moore, the defendants ensured that the two were kept apart. Brewer had agreed to be placed back into the general population when the two inmates attacked him in the okra field, and he had not "red-tagged" either of them. Once he did so, the defendants kept him separate from them, as well. There is no evidence that Brewer or the defendants had prior knowledge of the threat inmates Jamarcus Truitt and Tarynce Morris posed to him. For these reasons, the defendants' motion [29] for summary judgment will be granted, and judgment will be entered for the defendants in all respects.

**SO ORDERED**, this, the 4th day of November, 2014.

/s/ Sharion Aycock
CHIEF JUDGE
U.S. DISTRICT COURT